# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| TOMMY TYNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-CV-174 JVB |
| | ) | (arising out of 2:10-CR-110) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## OPINION AND ORDER

Tommy Tyner filed a pro se motion under 28 U.S.C. § 2255 (DE 210) to have his conviction under 18 U.S.C. § 924(c)(1)(A) vacated. He has also submitted several filings he describes as motions pursuant to Federal Rules of Civil Procedure 15(d) and 15(a)(2) (DE 236, 239, and 253). Rather than treating these filings as requests to amend his § 2255 motion, the Court deems them notices of supplemental authority and, as such, will consider them in deciding the motion.

The questions before the Court are whether it must hold an evidentiary hearing on his motion, and, if no evidentiary hearing is required, whether Tyner is entitled to any relief under § 2255.

**A.     Background**

Tyner, along with three co-defendants, was charged by indictment with: conspiracy to possess with intent to distribute cocaine under 21 U.S.C. § 846 (Count 1); attempt to possess with intent to distribute cocaine under 21 U.S.C. §§ 841 and 846 (Count 2); conspiracy to interfere with commerce by threat or violence under 18 U.S.C. § 1951(a) (Hobbs Act robbery)

(Count 3); attempt to interfere with commerce by threat or violence under 18 U.S.C. § 1951(a) and aiding and abetting under 18 U.S.C. § 2 (Count 4); conspiracy to use a firearm in furtherance of a crime of violence and a drug trafficking crime under 18 U.S.C. § 924(o) (Count 5); and possessing firearms in furtherance of a crime of violence and a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A) and aiding and abetting under 18 U.S.C. § 2 (Count 6). Tyner alone was charged in Count 9 with possession of firearms as a felon. Tyner filed a notice of intent to plead guilty to Counts 3 and 4 (conspiracy and attempt to commit Hobbs Act robbery) without the benefit of a plea agreement. He later entered into a plea agreement in which he agreed to plead guilty to Count 6 in exchange for the Government's agreement to dismiss Counts 1, 2, 5, and 9 against him and to make a binding recommendation for a sentence of five years (60 months) on Count 6, to run consecutively to a seven-year (84 months) sentence on Counts 3 and 4, and ten years of supervised release with no early termination of supervision.

The Court accepted Tyner's guilty plea to Counts 3 and 4 at a change of plea hearing held on October 17, 2011. A second change of plea hearing, this time with respect to Count 6, was held on April 4, 2012. At the second hearing Tyner agreed that all the applicable provisions of the plea agreement as to Count 6 applied to Counts 3 and 4 as well.

In his notice of intent to plead guilty to Counts 3 and 4, during his change of plea hearing regarding those counts, and during his second change of plea hearing, Tyner admitted to the following facts: From around June 22, 2010, through July 1, 2010, he conspired with co-defendants Ricky Stokes and Clinton Davis III to use force and threats of force to take cocaine from individuals they believed were engaged in narcotics trafficking. They planned to travel to a

drug stash house and forcefully take the cocaine from anyone present.[1] To make final preparations for the robbery, on July 1, 2010, they drove to a staging area in Gary, Indiana, where they were arrested and guns were recovered, including a Mossberg shotgun that Tyner admitted to possessing. He further admitted that if the robbery had been successful, it would have affected interstate commerce.

Tyner was sentenced on June 13, 2012. The Court's judgment was entered on June 19, 2012. Tyner didn't appeal. He now asserts that on the basis of the Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Court must permit him to withdraw his guilty plea to Count 6, and must dismiss that Count against him because, pursuant to the logic of *Johnson*, conspiracy to commit Hobbs Act robbery is not a crime of violence. He also claims the Court made procedural errors in imposing the conditions of his supervised release, that some of the conditions of supervision and the ten-year period of supervision that were a part of his sentence run afoul of Seventh Circuit decisions, and that he received ineffective assistance of counsel because his attorney did not object to the errors. Finally, in his reply brief, he claims for the first time that Count 6 of his indictment is flawed because it charges more than one offense in a single count, and that his trial counsel was ineffective in negotiating his plea agreement and failing to attack the legality of the ATF sting operation.

---

[1] In fact there was no stash house. The indictments in this case resulted from a sting operation set up by the Bureau of Alcohol, Tobacco, and Firearms ("ATF") using an undercover agent who posed as a drug courier from Detroit. A confidential informant introduced the undercover agent to Tyner. The undercover agent claimed he regularly came from Detroit to pick up kilos of cocaine in Northwest Indiana, and that he would be informed of the location of the stash house where the drugs would be on the day the pickup was to occur. The defendants planned to rob the stash house of what they thought would be around twenty kilos of cocaine while the courier was there and split the cocaine and any money they got among themselves and the courier. The agent told them that the people at the stash house would be armed so that they would need guns to commit the robbery.

B.  **Discussion**

A movant under § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because Tyner has not raised any factual claims which would require an evidentiary hearing for resolution, no hearing is required. *See Perrone v. United States*, 889 F. 3d 898, 909–10 (7th Cir. 2018).

The timeliness of each claim asserted in a § 2255 motion must be assessed separately. *Davis v. United States*, 817 F3d 327–28 (7th Cir. 2016). Under § 2255(f)(3), any claim that is based on *Johnson*, the case on which Tyner relies, must have been filed within one year of the date on which the right he asserts was first recognized by the Supreme Court and "made retroactively applicable to cases on collateral review." *Johnson* was handed down on June 26, 2015. In *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016), the Supreme Court recognized that *Johnson* has retroactive effect in cases on collateral review. Tyner filed his motion on May 17, 2016. According, to the extent that Tyner's claims turn on a right first recognized in *Johnson*, they are timely. Claims that do not arise from the holding in *Johnson* are not timely.

In *Johnson,* the Supreme Court found that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), the Armed Career Criminal Act ("ACCA"), defining "violent felony" is unconstitutionally vague. *Id.* at 135 S.Ct. at 2557. The residual clause in § 924(e)(2)(B)(ii) is similar to the residual clause of 18 U.S.C. § 924(c)(3)(B), defining "crime of violence" under § 924(c)(1)(A), the offense Tyner was charged with in Count 6.

Plainly, Tyner's claims concerning procedural errors in imposing his conditions of supervised release, ineffective assistance of counsel, the validity of some of the conditions of

4

supervision, the length of the term of supervision, whether Count 6 was improperly charged, and the legality of the stash house sting do not turn on the holding of *Johnson*. Accordingly, § 2255(f)(3) doesn't give Tyner a new one-year period to collaterally attack his sentence on any of those bases. Because these claims were not raised within one year of the date the judgment against him became final in 2012, as § 2255(f)(1) requires in these circumstances, they are untimely and the Court will not consider them.[2]

The crime to which Tyner pleaded guilty in Count 6, 18 U.S.C. § 924(c)(1)(A)(i), provides: "[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . possesses a firearm" must be sentenced to a term of imprisonment of not less than five years. Under § 924(c)(2), a drug trafficking crime includes any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 et. seq. Section 924(c)(3) defines a crime of violence as any felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The first part of this definition is know as the elements or force clause, while the second part is referred to as the residual clause.

The statute referred to as Hobbs Act robbery, 18 U.S.C. § 1951(a), provides:

> Whoever in any way or degree obstructs, delays, or affects commerce, by robbery or extortion or attempts or conspires so to do or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do

---

[2]Moreover, Tyner waived any objection concerning his supervised release in his plea agreement. Paragraph 7(e) of his plea agreement (DE 147 at 4) provides: "I expressly waive my right to appeal or to contest . . . my sentence or the manner in which my . . . sentence was determined or imposed, to any Court on any ground . . . including but not limited to, a proceeding under Title 28, United States Code, Section 2255." In its response brief, the Government stated that it elected not to enforce the waiver with respect to Tyner's § 924(c) claim but elected to enforce the waiver in regards to his claims regarding supervised release.

anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

The Hobbs Act defines robbery as the taking of personal property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

Although Tyner is correct that, under the reasoning of *Johnson*, the residual clause of 18 U.S.C.§ 924(c)(3)(B) is unconstitutionally vague, *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016), *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) (holding that the residual clause in 18 U.S.C. § 16(b), which is identical to the residual clause at issue here, is unconstitutionally vague) he bears the burden of showing that the residual clause is the only way to make conspiracy or attempt to commit Hobbs Act robbery a crime of violence under § 924(c). *See Stanley v. United States*, 827 F.3d 562, 566 (7th Cir. 2016). The elements clause of § 924(c)(3)(A) is an equally plausible source for considering conspiracy and attempt to commit Hobbs Act robbery as predicates for his conviction under 18 U.S.C. § 924(c)(1)(A). *Johnson* had nothing to say about the elements clause of § 924(c)(3)(A) or any analogous statute. Moreover, the Seventh Circuit has held that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A), *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) (remanded on other grounds), and that when a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense is also a violent felony. *Hill v. United States*, 877F.3d 717, 719 (7th Cir. 2017). Therefore, Tyner cannot use 28 U.S.C. § 2255(f)(3) to provide a new window to mount a collateral attack claiming that conspiracy and attempt to commit Hobbs Act robbery are not crimes of violence under the elements clause of § 924(c)(3)(A).

Also, remember that under § 924(c)(1)(A), not only a crime of violence but also any drug trafficking crime is a proper predicate to a conviction under that statute. Count 6 charged Tyner with possessing a firearm in relation to both a crime of violence and a drug trafficking crime and during his change of plea hearings he admitted to facts that establish he was guilty of conspiracy and attempt to possess illegal drugs and that he possessed a firearm in relation to those crimes. *Johnson* does not affect the validity of the drug trafficking portion of § 924(c)(1)(A).

Because only the residual clause, § 924(c)(3)(B), which provides one definition of a "crime of violence" as used in § 924(c)(1)(A), is affected by the holding in *Johnson* and there are several other paths to finding Tyner guilty of violating that statute, his § 2255 motion must be denied.

## C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner on a § 2255 motion. A petitioner is entitled to a certificate of appealability only if he can present "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must demonstrate that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong. *See United States v. Fleming*, 676 F.3d 621, 635 (7th Cir. 2012). Tyner has not demonstrated that reasonable jurists would debate the Court's resolution of his claims or agree that the Court should have resolved them differently. Therefore, the Court declines to certify any issues for appeal.

**D.     Conclusion**

For the foregoing reasons, the Court **DENIES** Tommy Tyner's motion under 18 U.S.C. § § 2255 (DE 210) to have his conviction under 18 U.S.C. § 924(c) vacated and declines to certify any issues for appeal.

SO ORDERED on April 12, 2019.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge